UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KALI McCULLOUGH | CIVIL ACTION |
| VERSUS | NO: 23-4830 |
| SAGESURE INSURANCE MANAGERS, LLC | SECTION: "A" (4) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 8)** filed by the defendant, Sagesure Insurance Managers, LLC. The plaintiff, Kali McCullough, opposes the motion. The motion, submitted for consideration on January 31, 2024, is before the Court on the briefs without oral argument.

The plaintiff filed this action for damages sustained to her personal residence during Hurricane Ida. The Complaint includes the complete municipal address of the property, the date that the residence sustained damage, and a policy number.[1] The plaintiff alleges that notwithstanding sufficient proof of loss the defendant has not paid for the covered damages and in doing so has violated the "bad faith" statutes of the Louisiana Insurance Code. The plaintiff has named only one defendant, an entity called Sagesure Insurance Managers, LLC, whose name appears throughout the policy documents that the plaintiff has submitted with her opposition. Unlike the vast number of property policy declaration pages that the Court has seen over the years, the

---

[1] Sagesure states (with emphasized typeface) in its memorandum in support that the Complaint does not include a home address or policy number or relevant date but this assertion is not accurate. (Rec. Doc. 8-1, Memorandum in Support at 2).

1

declaration page that the plaintiff has produced does not identify the insurer that issued the policy.

The crux of Sagesure's motion to dismiss is that the plaintiff has sued the wrong defendant. Sagesure's memorandum in support suggests that the proper defendant is Occidental Fire and Casualty Company of North Carolina. And although this problem is easily remedied via an amended complaint, Sagesure argues that the amendment would be futile due to prescription, and therefore should not be allowed.

The Court does not agree. As the plaintiff points out, Sagesure has no standing to raise another entity's futility argument as part of its own Rule 12(b)(6) motion to dismiss. Furthermore, the Court is not persuaded that the futility argument has merit. Therefore, the Court will allow the plaintiff to file an amended complaint in order to join the proper party as a defendant-insurer in this case, and that party is certainly free to raise a prescription defense. In the meantime, the Court will deny Sagesure's motion to dismiss without prejudice, allowing it to be reurged once the proper defendant has been joined and made its appearance.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 8)** filed by the defendant, Sagesure Insurance Managers, LLC, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **February 29, 2024**, the plaintiff shall file her amended complaint (<u>for which leave of Court will not be required</u>) to join the correct party/insurer.

February 8, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE